**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GREGG R. SHORT,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY and WASTE MANAGEMENT, INC. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff GREGG R. SHORT ("Short" or "Plaintiff") files this Complaint against Defendants BECTON DICKINSON AND COMPANY ("BD") and WASTE MANAGEMENT, INC. ("WMI") (individually and collectively, "Defendants") and alleges as follows:

## PARTIES

1. Plaintiff Gregg R. Short is an individual residing in the State of California. Short is the owner of United States Patent Number 8,783,453B2 (the '453 Patent).

2. Defendant Becton, Dickinson and Company is, upon information and belief, a corporation organized and existing under the laws of the State of New Jersey with offices at 1 Becton Drive, Franklin Lakes, New Jersey 07417 and may be served with process upon its registered agent Gary DeFazio and its officers. BD regularly transacts business in this judicial district and division by marketing, advertising,

importing, offering for sale and/or selling the infringing products at issue in this case in this judicial district and division.

3. Defendant Waste Management, Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware with a registered agent located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, WMI regularly conducts business in this judicial district and division by marketing, advertising, importing, offering for sale and/or selling the infringing products at issue in this case in this judicial district and division.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 *et seq.* and 281-285.

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendants are transacting and/or have transacted business within this judicial district by, at the very least, distributing, selling, offering for sale, marketing, advertising, importing, making and/or using products, including the "BD Safe-Clip by Mail Needle Containment and Disposal System Powered by WM Waste Management" ("Infringing Product") that fall within the scope of one or more claims

of the ‘453 Patent. Defendants are therefore subject to the personal jurisdiction of this Court.

7. Defendants, directly or through intermediaries, have committed acts of infringement in this judicial district by, at the very least, distributing, selling, offering for sale, marketing, advertising, importing, making and/or using products, including Infringing Product, that fall within the scope of one or more claims of the ‘453 Patent. Accordingly, under 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this Court.

8. Defendants market, advertise, offer for sale and/or sell products, including products that infringe the ‘453 Patent in this judicial district and elsewhere in the United States through numerous online retailers and through the website www.bd.com.

9. A true and correct copy of packaging of the Infringing Product advertised, marketed, offered for sale and sold by Defendants is attached hereto as Exhibit A.

## **THE PATENT**

10. Short is the owner of all right, title and interest to U.S. Patent Number 8,783,453B2 entitled “Needle Mail-Back Systems and Methods of Making the Using the Same.” The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the ‘453 Patent on July 22, 2014. A true and correct copy of the '453

Patent is attached as Exhibit B.

## COUNT 1: PATENT INFRINGEMENT OF ‘453 PATENT

11. Plaintiff herein incorporates by reference the allegations of the preceding paragraphs.

12. Without a license or permission from Plaintiff, Defendants have infringed and continue to infringe one or more claims of the '453 Patent, directly, contributorily, through equivalents, and/or by inducement.

13. The infringing acts include, but are not limited to, using, causing to be used, making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and/or causing to be sold, products, including the Infringing Product, that infringe at least one claim of the '453 Patent in this judicial district and elsewhere within the United States.

14. Set forth in Exhibit C hereto, incorporated herein in its entirety, are infringement contentions illustrating one manner in which Claim 1 of the ‘453 Patent is directly infringed by Defendants.

15. Defendants also directly infringe Claim 2 and Claim 3. See Exhibits C and D hereto.

16. Defendants also directly infringe Claim 4. See Exhibits C and E hereto.

17. Defendants also directly infringe Claim 5. See Exhibits C, E and F hereto.

18. Defendants also contribute to and induce infringement of Claim 6 by providing the Infringing Product to customers with instructions to clip needles. See Exhibits C, E, F and G hereto.

19. Defendants also contribute to and induce infringement of Claim 7 by providing the Infringing Product to customers with instructions to clip needles. See Exhibits C, E, F, G and H hereto.

20. Defendants also contribute to and induce infringement of Claim 8 by providing the Infringing Product to customers with instructions to clip needles. See Exhibits C, E, F, G and H hereto.

21. Defendants directly infringement of Claim 9 by providing the Infringing Product to customers with instructions to clip needles. See Exhibits C, E, F and G hereto.

22. Defendants also contribute to and induce infringement of Claim 10 by providing the Infringing Product to customers with instructions to clip needles. See Exhibits C, E, F and G hereto.

23. Defendants also contribute to and induce infringement of Claim 11 by providing the Infringing Product to customers with instructions to clip needles with a clipping apparatus described in Claim 11. See Exhibits C, E, F, G, I and J hereto.

24. The illustrations set forth in Exhibits A, C-J are one example of the manner in which the Infringing Product meets each and every element of the claims

of the ’453 Patent. These illustrations are not intended to reflect the only manner in which the Infringing Product meets each and every element of the claims of the ’453 Patent. These illustrations do not limit the scope of the claims of the ‘453 Patent for purposes of validity, direct infringement, indirect infringement and/or infringement by equivalents. Plaintiff reserves the right to allege different and additional manners in which Defendants’ devices infringe Plaintiff’s patents as discovery and claim construction proceeds in this matter.

25. Plaintiff has provided notice of the '453 Patent to Defendants.

26. Defendants have actual and constructive notice of the ‘453 Patent.

27. Defendants’ infringement of the '453 Patent has been and continues to be willful.

28. Plaintiff has suffered and will continue to suffer irreparable harm as a result of Defendants’ unlawful conduct unless and until enjoined by the Court. Plaintiff is without an adequate remedy at law.

29. Defendants’ infringing acts have caused money damage to Plaintiff. Plaintiff is entitled to recover from Defendants money damages sustained by Plaintiff in an amount to be determined at trial.

30. Upon information and belief, Defendant’s infringement of the '453 Patent is willful and deliberate, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under

35 U.S.C. § 285.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully prays that the Court find and order the following relief:

a. That Defendants have infringed the '453 Patent;

b. That Defendants' infringement of the '453 Patent has been willful;

c. That Defendants and the officers, directors, agents, servants and the employees of Defendants, and those persons acting in concert or participation with any of them, be enjoined and restrained from continued infringement, including but not limited to distributing, selling, offering for sale, advertising, making, importing and/or using products and methods that infringe the '453 Patent;

d. That Defendants and the officers, directors, agents, servants and the employees of Defendants and those persons acting in concert or participation with any of them deliver to Plaintiff all products that infringe the '543 Patent for destruction at Plaintiff's option;

e. That Plaintiff be awarded monetary relief adequate to compensate Plaintiff for Defendants' acts of infringement of the '453 Patent within the United States;

f. That any monetary relief awarded to Plaintiff related to the infringement of the '453 Patent by Defendants be increased due to the willful nature

of Defendant's infringement of the patent;

g. That any monetary relief awarded to Plaintiff related to the infringement of the '453 Patent by Defendants be awarded with pre-judgment and post-judgment interest;

h. That the infringement of the '453 Patent by Defendants is exceptional and that Plaintiff be awarded the attorneys' fees, costs, and expenses incurred in this action;

i. That Defendants be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the injunctive relief requested above, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunctive relief; and

j. For such and other further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

k. Plaintiff demands trial by jury for all issues so triable.

Respectfully submitted, this the 14th day of March, 2017.

FLYNN, PEELER & PHILLIPS, LLC

*/s/ Charles E. Peeler*
Georgia Bar No. 570399
517 West Broad Avenue
Albany, Georgia 31701
229-446-4886 (telephone)
229-446-4884 (facsimile)
cpeeler@fpplaw.com